IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TOBY HOY, on behalf of himself and others similarly situated, | : <br> : CA NO.: 4:21-cv-1274 <br> : <br> : <br> : **COMPLAINT – CLASS ACTION** <br> : <br> : <br> : **JURY TRIAL DEMANDED** <br> : <br> : |
| Plaintiff, | |
| v. | |
| ONLINE INSURANCE SOLUTIONS LLC | |
| Defendant. | |

Plaintiff Toby Hoy (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Online Insurance Solutions services through the use of a telemarketing campaign despite not having the requisite consent to

1

contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

3. Furthermore, Online Insurance Solutions continued to contact individuals despite their request to no longer receive communications, as they did with Mr. Hoy.

4. Moreover, Online Insurance Solutions made pre-recorded telemarketing calls to individuals to cellular telephones who had not provided their consent, as they did with Mr. Hoy.

5. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide classes of other persons who received similar calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff Toby Hoy is an individual citizen and resident of Iowa.

8. Defendant Online Insurance Solutions LLC is a Texas limited liability company that is headquartered in this District. Its address is 1550 Norwood Drive, Suite 107, Hurst Texas 76054-3601.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has personal specific jurisdiction over Online Insurance Solutions because it is headquartered in this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant is headquartered in this District and sent the telemarketing calls at issue from this District.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.   The TCPA prohibits pre-recorded message calls to cellular telephones.**

13. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded

telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.    The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

17. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

4

19. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

20. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

21. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

22. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

23. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

24. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**C.      The TCPA prohibits calls to numbers on the National Do Not Call Registry.**

25.     The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

26.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

27.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

28.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

29.     Defendant Online Insurance Solutions is a "person" as the term is defined by 47 U.S.C. § 153(39).

30.     At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

<u>Calls to Plaintiff</u>

6

31. Plaintiff Hoy's telephone number, 515-XXX-0280, is a residential telephone line.

32. That number is assigned to a cellular telephone service.

33. It is not associated with a business and is used by Mr. Hoy only.

34. The telephone number has been on the National Do Not Call Registry since January 22, 2021.

35. Mr. Hoy received several telemarketing texts from the Defendant.

36. First, on January 20, 2021, Mr. Hoy received the following text message:



37. He requested to no longer receive text messages.

38. However, Online Insurance Solutions continued to contact him.

39. On January 25, 2021, he got the following text message:



40. Again, Mr. Hoy asked to no longer receive text messages.

41. However, in July 2021 Mr. Hoy received the following text:



42. Mr. Hoy received similar text messages in October on at least three other occasions.

43. One such text message is below:



44. Indeed, on October 25, 2021 he again requested that he no longer receive such messages in response

45. Nonetheless, he still received the following text message on October 27, 2021:



46. Moreover, Mr. Hoy was sent a pre-recorded message by Online Insurance Solutions on October 27, 2021.

47. The call came from (844) 976-4570.

48. The Plaintiff's cell phone recognized calls from this number as "Potential Spam".

49. A return call to that number identifies Online Insurance Solutions when speaking with a representative.

50. These text messages and calls were sent to promote Online Insurance Solutions goods and services.

51. Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

52. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

53. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Online Insurance Solutions (or an agent acting on behalf of Online Insurance Solutions) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.
>
> **Online Insurance Solutions National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than

one telephone solicitation from or on behalf of Online Insurance Solutions (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

**Online Insurance Solutions Do Not Call Class**: All persons in the United States whose, (1) telephone numbers have previously been provided to Online Insurance Solutions in connection with a request to no longer be called (2) but received at least two telephone solicitations from or on behalf of Online Insurance Solutions in a twelve month period (3) including at least one telephone solicitation from or on behalf of Online Insurance Solutions more than 30 days after requesting to no longer be called (4) from four years prior to the filing of the Complaint.

Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

54. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

55. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

56. This Class Action Complaint seeks injunctive relief and money damages.

57. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

58. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

59. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

60. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

61. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

62. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) whether multiple telemarketing calls were made promoting Defendant's goods or services to members of the Classes;
>
> (b) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (c) whether Online Insurance Solutions made multiple calls to individuals more than 30 days after it had been provided with an instruction to no longer contact such individuals;
>
> (d) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

63. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

64. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and

efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

65. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b)) on behalf of the Robocall Class

66. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

67. The foregoing acts and omissions of Online Insurance Solutions and/or their affiliates, agents, and/or other persons or entities acting on Online Insurance Solutions's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

68. As a result of Online Insurance Solutions's and/or its affiliates, agents, and/or other persons or entities acting on Online Insurance Solutions's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

69. If the Online Insurance Solutions's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

70. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Online Insurance Solutions and/or its affiliates, agents, and/or other persons or entities acting on Online Insurance Solutions's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))
### on behalf of the Online Insurance Solutions Do Not Call Registry Class

71. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

72. Defendant Online Insurance Solutions violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant Online Insurance Solutions' behalf to Plaintiff and the members of the Online Insurance Solutions National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

73. Defendant Online Insurance Solutions also violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant Online Insurance Solutions' behalf to Plaintiff and the

members of the Online Insurance Solutions Do Not Call Class after those individuals had provided their phone number with an instruction to no longer receive calls from Online Insurance Solutions.

74. As a result of Defendant Online Insurance Solutions' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Online Insurance Solutions National Do Not Call Registry Class members and Online Insurance Solutions Do Not Call Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

75. Plaintiff and Online Insurance Solutions National Do Not Call Registry Class members and Online Insurance Solutions Do Not Call Class members are each entitled to an award of treble damages if Online Insurance Solutions' actions are found to have been knowing or willful.

76. Plaintiff and Online Insurance Solutions National Do Not Call Registry Class members and Online Insurance Solutions Do Not Call Class members are also entitled to and do seek injunctive relief prohibiting Online Insurance Solutions from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

### THIRD CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq. and 47 C.F.R. § 64.1200(d))
on behalf of the Online Insurance Solutions Do Not Call Class**

77. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

78. Online Insurance Solutions placed numerous calls for telemarketing purposes to Plaintiff's and Online Insurance Solutions Do No Call Class Members' telephone numbers.

79. Online Insurance Solutions did so despite not having a written policy pertaining to "do not call" requests.

80. Online Insurance Solutions did so despite not having such a policy available "upon demand."

81. Online Insurance Solutions did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

82. Online Insurance Solutions did so despite not recording or honoring "do not call" requests.

83. Online Insurance Solutions placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

84. Plaintiff and Online Insurance Solutions Do Not Call Class Members are entitled to an award of $500 in statutory damages telephone call in addition to and separate from any award for damages related to Defendant's telemarketing calls.

85. Plaintiff and Online Insurance Solutions Do Not Call Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call if the Defendant's violations were knowing and/or willful.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, utilizing pre-recorded messages or to any number on the National Do Not Call Registry in the future;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Classes up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

TOBY HOY,
By his attorney

*s/ Chris R. Miltenberger*
**Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, STE 200
Southlake, Texas 76092
Phone: 817-416-5060
Fax: 817-416-5062
chris@crmlawpractice.com

Anthony Paronich
**Paronich Law, P.C.**

350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Attorney for Plaintiffs

18